1    **LAW OFFICES OF DALE K. GALIPO**
     Dale K. Galipo, Esq. (SBN 144074)
2    dalekgalipo@yahoo.com
     Marcel F. Sincich, Esq. (SBN 319508)
3    msincich@galipolaw.com
     21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367
4    Phone: (818) 347-3333 | Fax: (818) 347-4118
     **LAW OFFICES OF GRECH & PACKER**
5    Trenton C. Packer (SBN 241057)
     tpacker@grechpackerlaw.com
6    7095 Indiana Ave Ste 200, Riverside, CA 92506
     Phone: (951) 682-9311
7    *Attorneys for Plaintiff* KORON LOWE

8    Nathan A. Oyster (SBN 225307)
     E-mail: noyster@bwslaw.com
9    Caylin W. Jones (SBN 327829)
     E-mail: cjones@bwslaw.com
10   **BURKE, WILLIAMS & SORENSEN, LLP**
     444 South Flower Street, Suite 2400
11   Los Angeles, California 90071-2953
     Tel: 213.236.0600 Fax: 213.236.2700
12   *Attorneys for Defendants*, COUNTY OF RIVERSIDE

13   Eugene P. Ramirez (State Bar No. 134865)
       *Eugene.Ramirez@manningkass.com*
14   Marisa Zarate (State Bar No. 140286)
       *Marisa.Zarate@manningkass.com*
15   Andrea K. Kornblau (State Bar No. 291613)
       *Andrea.Kornblau@manningkass.com*
16   **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**
     801 S. Figueroa St, 15th Floor, Los Angeles, California 90017-3012
17   Telephone: (213) 624-6900 | Facsimile: (213) 624-6999
     *Attorneys for Defendant* CITY OF HEMET AND DYLAN DETWILER
18

19             **UNITED STATES DISTRICT COURT**

20             **CENTRAL DISTRICT OF CALIFORNIA**

21   KORON LEKEITH LOWE,                    | Case No.: 5:24-cv-00169-SSS (SHKx)

22                    Plaintiff,            | [*Honorable Sunshine S. Sykes*]
                                              Magistrate Judge Shashi H. Kewalramani
23          vs.
                                            | **JOINT RULE 26(f) REPORT**
24   COUNTY OF RIVERSIDE; CITY OF
     HEMET; DYLAN DETWILER; and            | **Scheduling Conference**
25   DOES 1-10, inclusive,                   Date: April 12, 2024
                                             Time: 1:00 p.m.
26                    Defendants.            Ctrm: 2; 3470 Twelfth Street,
                                             Riverside, California 92501
27

28

1    Pursuant to this Court's March 3, 2024, Order (Doc. 16), as well as Federal

2    Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following

3    report, by and through their respective counsel of record.

4    **a.      Statement of the Case:**

5              **1.      Short Synopsis of Plaintiff's Claims for Relief:[1]**

6    This civil rights action seeks compensatory and punitive damages from

7    Defendants for violating various rights under the United States Constitution in

8    connection with the shooting of Plaintiff Koran Lowe by a law enforcement officers

9    from the County of Riverside Sheriff's Department and the City of Hemet Police

10   Department, including Officer Dylan Detwiler. In the morning of January 26, 2022,

11   Plaintiff was sitting in a car in the parking lot of Morongo Casino, at or around the

12   City of Cabazon, California. Plaintiff was the sole occupant of the car at the time

13   and was in a passenger seat. The Defendant officers surrounded Plaintiff, who was

14   not armed with a deadly weapon such as a knife or gun. Plaintiff alleges that the

15   Defendant officers escalated the situation including when they began to use

16   excessive force against Plaintiff. At all times during the incident, Plaintiff was not

17   an immediate threat of death or serious bodily injury to any officer or person and

18   Plaintiff was not an immediate threat of harm to any person. At the time of the

19   incident, there was no serious or violent crime in progress. Further, at the time of the

20   incident and uses of force, the Defendant officers had reasonable alternatives. The

21   Defendant officers repeatedly deployed a K9 to attack Plaintiff and struck Plaintiff

22   several times with 40mm launcher rounds, including to the face and head, causing

23   him serious bodily injury.

24   On January 25, 2024, Plaintiff filed his Complaint for Damages alleging the

25   following claims for relief against Defendants pursuant to 42 U.S.C. §1983: (1)

26

27   [1] Initial Disclosures pursuant to Rule 26 have not yet been exchanged. Thus, at this time, Plaintiff has not yet received documents from Defendants. The statement of facts above are alleged without the benefit of any of the discovery documents that are currently in defendants' possession and some of these facts (identified by the Complaint) are alleged on information and belief.

28

1   Fourth Amendment Excessive Force; (2) Supervisor Liability; (3) Municipal

2   Liability for Unconstitutional Custom, Practice or Policy; (4) Municipal Liability for

3   Failure to Train; and (5) Municipal Liability for Ratification. (Doc. 1)

4      **2.      Short Synopsis of Defendant County of Riverside's Affirmative**

5              **Defenses:**

6          On January 25, 2022, Plaintiff Koron Lowe shot and killed 30-year-old Asasha

7   Hall in the City of Hemet.  Following the shooting, Plaintiff fled the scene and a

8   warrant for his arrest was issued.  Plaintiff was known to be armed and dangerous,

9   and law enforcement were advised of such.  The next day, on January 26, 2022,

10  Plaintiff was located in the Morongo Casino parking lot.  Hemet Police Officers and

11  Riverside County Sheriff's Deputies responded to the scene and tried to convince

12  Plaintiff to surrender.  Plaintiff continually refused to surrender and, in response, the

13  officers and deputies used reasonable non-deadly force, including 40 millimeter foam

14  launcher and a K9 to apprehend Plaintiff.  Plaintiff was ultimately taken into custody

15  and is currently being charged for the murder of Asasha Hall in Riverside Superior

16  Court Case No. BAF2200094.

17     **3.      Short Synopsis of Defendant City of Hemet and Dylan Detwiler's**

18              **Affirmative Defenses:**

19         Plaintiff Koron Lekeith Lowe was wanted for the fatal shooting of Asasha

20  Lathe Hall that occurred on January 25, 2022, in the residence located at the 3000

21  block of Greengable Lane in the City of Hemet. Surrounding properties were

22  evacuated as a precaution and SWAT members conducted a search of the home and

23  the immediate area.

24         On January 26, 2022, the Riverside County Sheriff's Department Gang Impact

25  Team located Plaintiff at a parking lot in the 49000 block of Seminole Drive in the

26  City of Cabazon. Officers from the Hemet Police Department and Cathedral City

27  Police Department responded to the parking lot with the deputies.

28

1    Law enforcement officers attempted to negotiate a surrender with Plaintiff but

2  Plaintiff refused. A Hemet Police Department K-9 was deployed but did not bite

3  Plaintiff. Rather, the K-9 was injured by Plaintiff.

4    Plaintiff was eventually apprehended and is currently being prosecuted for the

5  murder of Asasha Hall.

6  **b.    Subject Matter Jurisdiction:**

7    The Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and

8  1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United

9  States including 42 U.S.C. §1983 and the Fourth Amendment of the United States

10 Constitution.

11 **c.    Legal Issues:**

12   The key legal issue in this case as follows: (1) whether individual law

13 enforcement officers from the City (HPD) and County (RSD) used excessive force

14 against Plaintiff within the meaning of the Fourth Amendment; (2) whether

15 supervisors are liable for their conduct during the incident; (3) whether the City

16 and/or County are liable under 42 U.S.C. §1983 pursuant to "*Monell*" (municipal

17 liability) theories of ratification, failure to train, and/or unconstitutional customs or

18 policies; (4) the nature and extent of Plaintiff's damages; (5) whether any individual

19 Defendant's conduct gives rise to punitive damages; and (6) whether the individual

20 Defendants are entitled to qualified immunity.

21   There is currently no unusual substantive, procedural, or evidentiary issues.

22 **d.    Parties, Evidence, etc.:**

23   **1.    Parties:**

24     Plaintiff:    KORON LEKEITH LOWE.

25     Defendants: COUNTY OF RIVERSIDE; CITY OF HEMET; DYLAN

26 DETWILER; and DOES 1-10, inclusive.

27 / / /

28 / / /

**2.     Percipient Witnesses:**

Besides Plaintiff and Officer Detwiler, the names of other officers and deputies employed by Defendants City and County, are unknown to Plaintiff at this time. Plaintiff believes that Defendants are in possession of records that indicate all known percipient witnesses.

County Defendants anticipate witnesses to include the percipient witnesses to Asasha Hall's murder, as well as all involved Riverside Deputies and City of Hemet Police Officers.

**3.     Key Documents on the main issues:**

Relevant portions of any audio or video recording of the incident, including transcripts thereof; relevant portions of audio/video recordings and transcripts of involved officer statements to investigators related to the incident; relevant portions of audio/video recordings and transcripts of percipient witness statements to investigators related to the incident; relevant portions of reports, diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Plaintiff; and Defendants' policies, procedures, and training documents.

**e.     Service of Complaint:**

Plaintiff has served the complaint on Defendants County, City, and Officer Detwiler. Since there were multiple departments involved in this incident and Plaintiff has not yet received the production of documents related to the incident from Defendants, Plaintiff does not presently know the name or department of the other officers who used force during the incident nor the name of the supervisors during the incident in order to serve them; and therefore, pled claims against them as DOE Officers and Supervisors. Once Plaintiff discovers their names and employer, Plaintiff will seek an agreement by Defense counsel to accept service on behalf of those individual officers.

**f.    Damages:**

Plaintiff claims general and special compensatory damages, according to proof at trial, including for his pain and suffering, and for the nature and extent of his serious injuries. Plaintiff seeks punitive and exemplary damages against the individual Defendant Officers only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988, costs and interests incurred.

Plaintiff believes that a realistic range for damages cannot be ascertained at this time without expert opinion. However, based on the severe pain and suffering Plaintiff endured from being shot several times and viciously attacked by a canine, and the permanent injury sustained as a result, Plaintiff contends that a reasonable jury could award Plaintiff in excess of $3 million.

Defendants deny all liability and wrongdoing for any and all of Plaintiff's claims. Defendants further deny that Plaintiff has suffered any damages.

**g.    Insurance:**

Defendant County is self-insured pursuant to Government code section 990.

Defendant City is permissibly self-insured pursuant to California Government Code section 990.

**h.    Motions:**

Per Plaintiff, after review of the discovery material, Plaintiff will be able to determine whether there were any other officers who used excessive force against Plaintiff, and/or ascertain the names of those officers who used force against or otherwise violated the rights of Plaintiff, particularly the DOE officers and supervisors as pled in Plaintiff's Complaint. Depending on that review, Plaintiff anticipates amending the pleadings at least to name the DOE Officers and DOE Supervisors, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiff's constitutional rights. Plaintiff requests two months after receipt of the

1 investigatory documents to amend the complaint and will attempt to do so by

2 stipulation of the parties.

3     During the course of litigation of this action, Defendants anticipate that they

4 may file the following potential motions:

5     Discovery motions, potentially seeking monetary, evidence/issue, and/or

6 terminating sanctions;

7     Motions for summary judgment and/or adjudication of the issues, potentially

8 including on the basis of qualified immunity and/or time-bar arising from the

9 operative statute of limitations;

10     Motion for bifurcation of trial on punitive damages issues;

11     Motions in limine, potentially excluding *Daubert* motions in limine; and

12     Other pretrial and/or post-trial motions as may be appropriate.

13     Defendant City of Hemet also anticipates filing a motion to stay the civil

14 action pending the resolution of Plaintiff's criminal case, Riverside Superior Court

15 Case No. BAF2200094.

16 **i.    Dispositive Motions:**

17     The parties believe that whether the use of force against Plaintiff by the

18 Defendant officers was excessive may be determined by a motion for summary

19 judgment.

20     Defendant County of Riverside intends to file a motion for summary judgment.

21     Defendant City of Hemet anticipates filing the following potential dispositive

22 motions:

23     Motion for summary judgment and/or adjudication of all claims/issues,

24 potentially including on the basis of qualified immunity and/or time-bar arising from

25 the operative statutes of limitation;

26     Motion for bifurcation of trial on punitive damages issues; and

27     Motions *in limine*, potentially including *Daubert* motions *in limine.*

28 / / /

**j.      Manual of Complex Litigation:**

The parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

**k.      Status of Discovery:**

The parties intend to serve written discovery including Interrogatories, Demands for Production of Documents and possibly Requests for Admissions. The parties intend to conduct depositions of party and non-party witnesses.

**l.      Discovery Plan:**

       **1.      Initial Disclosures:**

The parties will serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), on April 12, 2024.

       **2.      Subjects of Discovery:**

The parties will conduct discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiff's claims as set forth above, including regarding the facts and circumstances of the officer involved shooting. Plaintiffs will conduct discovery regarding the Defendant officers' background and training, and the Defendants' policies and training related to officer involved shootings and the investigation thereof. The parties will also conduct discovery related to Plaintiff's alleged damages, and punitive damages.

The parties do not anticipate any issues regarding disclosure, discovery, and preservation of electronically stored information.

       **3.      Discovery Phases:**

The parties have discussed discovery in this matter and propose that discovery be conducted in two phases: (1) non-expert fact discovery and (2) expert discovery.

/ / /

/ / /

**4.     Limitations of Discovery:**

The parties do not anticipate any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rules.

**5.     Other Discovery Issues:**

Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

**m.     Fact Discovery Cut-off:**

The parties have discussed anticipated discovery and based on the trial calendars of counsel for the parties and discovery needs, the parties propose the non-expert discovery cut-off, meaning the final day for completion of fact discovery, including resolution of all discovery motions be set for February 3, 2025.

**n.     Expert Discovery:**

The parties propose the following expert discovery schedule:

Proposed Initial Rule 26 Expert Disclosures: February 10, 2025.

Proposed Rebuttal/Suppl. Rule 26 Expert Disclosures: March 17, 2025.

Proposed Expert Discovery Cut-off: March 28, 2025.

**o.     Settlement Conference / Alternative Dispute Resolution (ADR):**

The parties have discussed their respective procedures for settlement or resolution. Plaintiff is willing to engage in early mediation.

Plaintiff proposes ADR Procedure No. 2, Court's Mediation Panel through Panel Mediator Richard Copeland.

The parties propose a settlement conference completion date of June 6, 2025.

**p.     Trial Estimate:**

The parties have discussed trial and trial preparation, and parties estimate that this jury trial will realistically take 5-7 days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. The

1  parties jointly propose July 15, 2025 as the trial date, with the Pre-Trial Conference

2  being scheduled for June 27, 2025.

3     Plaintiff contemplates calling approximately eight (8) to ten (10) witnesses

4  for liability and damages at this time.

5     County Defendants contemplate calling approximately ten witnesses for

6  liability and damages at this time.

7     City Defendants contemplate calling approximately ten witnesses for liability

8  and damages at this time.

9     **2.     Trial will be by jury.**

10    **3.     Consent to Trial Before a Magistrate Judge**

11    The Parties do not consent to a magistrate judge for trial.

12 **q.    Trial Counsel:**

13    Plaintiff's lead trial counsel is Dale K. Galipo accompanied by Marcel F.

14 Sincich of the Law Offices of Dale K. Galipo, and Trenton C. Packer of the Law

15 Offices of Grech & Packer.

16    The County's lead trial counsel is Nathan A. Oyster accompanied by Caylin

17 W. Jones of Burke, Williams & Sorensen.

18    The attorneys who anticipate defending this case at trial on behalf of the

19 **Defendants** are Eugene Ramirez, Andrea Kornblau and/or Marisa Zarate of the law

20 firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP.

21 **r.    Independent Expert or Master:**

22    The parties do not believe this is a case in which the Court should consider

23 appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific

24 expert.

25 **s.    Schedule Worksheet:**

26    Please see Exh. A filed concurrently with this Report.

27 t.    **Class Actions:** Not Applicable.

28 / / /

u.    **Other Issues:**

The parties do not believe there are any unusually complicated technical or technological issues.

The parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

**Respectfully submitted,**

DATED:  March 29, 2024

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: */s/        Marcel F. Sincich*
　　Dale K. Galipo, Esq.
　　Trenton C. Packer, Esq.
　　Marcel F. Sincich, Esq. [2]
　　*Attorneys for Plaintiff* KORON LOWE

DATED:  March 29, 2024

**BURKE, WILLIAMS & SORENSEN, LLP**

By: */s/        Caylin W. Jones*
　　Nathan A. Oyster
　　Caylin W. Jones
　　*Attorneys for Defendant* COUNTY OF RIVERSIDE

DATED:  March 29, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/        Andrea K. Kornblau*
　　Eugene P. Ramirez
　　Marisa Zarate
　　Andrea K. Kornblau
　　*Attorneys for Defendant* CITY OF HEMET and DYLAN DETWILER

---

[2] I, Marcel F. Sincich, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Joint Scheduling Conference Report and have authorized its filing.

Case No. 5:24-cv-00169-SSS-SHK
JOINT RULE 26(F) REPORT