UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORON LEKEITH LOWE<br><br>    Plaintiff(s),<br><br>    v.<br><br>COUNTY OF RIVERSIDE, et al.<br><br>    Defendant(s). | Case No. 5:24–cv–00169–SSS–SHK<br><br>**CIVIL TRIAL ORDER** |

**I. Schedule**

**A. Scheduling Order**

The Scheduling Order governing this action is set forth in the Schedule of Pretrial and Trial Dates chart below. The box in the upper right-hand corner of the chart states whether the trial will be by jury or court. If the parties[1] seek to set additional dates, they may file a Stipulation and Proposed Order. This may be appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

Any party wishing to *amend* the dates established below may file a Motion or Stipulation for Continuance explaining why good cause exists to modify the existing pretrial and trial calendar. Any such Motion or Stipulation must be accompanied by a Proposed Order Granting Continuance, to be drafted according to the template provided on Judge Sykes's website. This Proposed Order *must include* a Proposed Amended Schedule of Trial and Pretrial Dates.

This Court's pretrial deadlines are deliberately spaced to ensure that the parties will be able to thoroughly consider and brief all necessary motions, and so that the Court has sufficient time to evaluate the parties' arguments, hold any necessary hearings, and issue its orders. Litigants are therefore advised that if the Court grants a request to continue one pretrial date, absent good cause, it is likely to postpone any subsequent dates consistent with its usual pretrial scheduling practices. The Court may order such postponements without notice to the litigants and may do so *even where the parties have stipulated otherwise*.

The parties should refer to the Court's Civil Standing Order for requirements regarding specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to Chambers, alternative dispute resolution, and other

---

[1] The term "parties" includes unrepresented parties–that is parties without attorneys, also referred to as "pro se litigants"–as well as counsel for represented parties.

matters pertaining to all cases. A copy of the Court's Civil Standing Order is available on Judge Sykes' webpage at https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes. Both the Court and all counsel bear responsibility for the progress of litigation.

"Counsel," as used in this Order, includes parties appearing pro se.[2]

All emailed submissions to Chambers referred to in this Order must be in Microsoft Word ("Word") format and emailed to SSS_Chambers@cacd.uscourts.gov.

---

[2] This Court does not exempt pro se litigants from compliance with the Federal Rules of Civil Procedure, the applicable Local Civil Rules of the Central District of California ("Local Rules"), and this Court's standing orders and online procedures and schedules. *See* Local Rules 1-3 and 83-2.2.3.

**DISTRICT JUDGE SUNSHINE SYKES**
**SCHEDULE OF PRETRIAL AND TRIAL DATES**

| Case No.: 5:24–cv–00169–SSS–SHK | Case Name: KORON LEKEITH LOWE V. COUNTY OF RIVERSIDE ET AL |
|---|---|
| **Trial and Final Pretrial Conference Dates** <br> **Note:** Trial shall begin on Mondays at 9:00 a.m. <br> Final Pretrial Conference shall be on Fridays at 1:00 p.m. | **Court Order** |
| Trial | 9/8/2025 at 9:00 a.m. <br><br> _x_ Jury Trial or <br> _ Bench Trial <br> Estimated Duration: 5–7 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] | 8/15/2025 at 1:00 p.m. |
| **Event** <br> **Note:** All deadlines shall be on Fridays. <br> Hearings shall be on Fridays at 2:00 p.m. | **Court Order** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties | 5/24/2024 |
| Fact Discovery Cut-Off <br> (no later than deadline for filing dispositive motions) | 2/7/2025 |
| Expert Disclosure (Initial) | 2/14/2025 |
| Expert Disclosure (Rebuttal) | 2/28/2025 |
| Expert Discovery Cut-Off | 3/14/2025 |
| Last Date to <u>Hear</u> Motions <br> • Rule 56 Motions are due at least 7 weeks before hearing; Rule 56 Opposition due at least 5 weeks before hearing; Rule 56 Reply due at least 4 weeks before hearing. <br> • Briefing deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | 5/30/2025 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 6/20/2025 <br><br> _ 1. Magistrate Judge <br> _x_ 2. Court Mediation Panel <br> _ 3. Private Mediation |
| Deadline to File Motions in Limine | 7/3/2025 |
| Deadline for Oppositions to Motions in Limine | 7/18/2025 |
| <u>Trial Filings</u> (first round) <br> • Memoranda of Contentions of Fact and Law [L.R. 16-4] <br> • Witness Lists [L.R. 16-5] <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) <br> • Declarations containing Direct Testimony, if ordered (bench trial only) | 7/18/2025 |
| <u>Trial Filings</u> (second round) <br> • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br> • Joint Agreed Upon Proposed Jury Instructions (jury trial only) <br> • Disputed Proposed Jury Instructions (jury trial only) <br> • Joint Proposed Verdict Forms (jury trial only) <br> • Joint Proposed Statement of the Case (jury trial only) <br> • Proposed Voir Dire Questions, if any (jury trial only) <br> • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 8/1/2025 |
| Hearing on Motions in Limine | 8/8/2025 at 02:00 PM |

**B.     Final Pretrial Conference/Proposed Final Pretrial Conference Order**

The Court has set a Final Pretrial Conference ("FPTC") pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8. The Court requires strict compliance with Federal Rules of Civil Procedure 16 and 26, and Local Rule 16. Each party appearing in this action must be represented at the FPTC by lead trial counsel.[3] The parties should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulation to undisputed facts, and qualification of experts by admitted resumes.

A proposed Final Pretrial Conference Order ("Proposed FPTCO") shall be filed and emailed to Chambers at least two (2) weeks before the FPTC. A template for the Proposed FPTCO is available on Judge Sykes' webpage. The parties **must** use this template.

In specifying the surviving pleadings under Section 1 of the Proposed FPTCO, the parties are to state which claims or counterclaims have been dismissed or abandoned (*e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Additionally, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, the parties are to specify to which party or parties each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible. The Court will read the uncontested facts to the jury at the start of trial.

---

[3] The Court has a strong commitment to fostering the development of new and diverse lawyers in the legal community. Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal profession to participate in trial and in the FPTC, particularly where they contributed significantly to the underlying issue or prepared the witness. Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

A carefully drafted and comprehensively stated stipulation of facts will shorten the trial and generally increase the jury's understanding of the case.

In drafting the factual issues in dispute, the parties should list the ultimate facts in dispute and should not argue the sufficiency of evidence to prove or disprove each fact. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

## II. Trial Preparation

The parties must comply with Local Rule 16. Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person six (6) weeks in advance to prepare for the FPTC. The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16. The Court may take the FPTC and trial off calendar or impose other sanctions for failure to comply with these requirements.

### A. Requirements for Pretrial Documents

**All pretrial documents**, including any amended documents, **shall be filed and emailed** to Chambers the day they are due.

#### 1. Motions in Limine

Motions in limine (including *Daubert* motions) must be noticed for hearing at least one (1) week before the FPTC and no less than one (1) week after second-round trial filings are submitted. The Court may rule orally on motions in limine, instead of in writing. Motions in limine and oppositions must not exceed ten (10) pages in length. The parties are limited to five (5) motions each unless the Court grants leave to file additional motions.

Before filing a motion in limine, the parties must meet and confer to determine

whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions in limine should address specific issues (*e.g*., not "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of issues.

The Mandatory Chambers Copy of all motions in limine and associated exhibits must be provided in a three-ring binder. Plaintiffs' and Defendants' motions should be placed together in a single 3-inch binder if possible; if these materials do not fit easily into a 3-inch binder, the parties may submit separate binders. In either case, each motion should be tabbed and accompanied by the corresponding Memorandum of Opposition.

## 2. Withdrawal of and Non-Opposition to Pretrial Motions

Per Local Rule 7-16, any moving party who intends to withdraw its motion prior to the hearing date, or any opposing party who no longer intends to oppose a motion, must promptly file and serve a notice of withdrawal of the motion or opposition. Failure to comply with this notification requirement may result in sanctions against the offending counsel or party.

## 3. Witness Lists

Witness Lists must be in the format specified in Local Rule 16-5, and must include for each witness: (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination. The parties must use the template posted on Judge Sykes' webpage. Any Amended Witness List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

## 4. Joint Exhibit List

The Joint Exhibit List must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections. The parties must use the template

posted to Judge Sykes' webpage. Any Amended Joint Exhibit List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 5. Jury Instructions (Jury Trials Only)

The parties must make every effort to agree upon jury instructions before submitting proposals to the Court. The Court expects the parties to agree on the substantial majority of instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law. The parties shall meet and confer regarding jury instructions according to the following schedule:

- <u>Five (5) weeks before the FPTC:</u> The parties shall exchange proposed general and special jury instructions.

- <u>Four (4) weeks before the FPTC:</u> The parties shall exchange any objections to the instructions.

- <u>Three (3) weeks before the FPTC:</u> The parties shall meet and confer with the goal of reaching agreement on one set of Joint Proposed Jury Instructions.

- <u>Two (2) weeks before FPTC:</u> The parties shall file and email to Chambers clean and redline sets of: (1) their Joint Agreed Upon Proposed Jury Instructions; and (2) their Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

///

Sources: When the *Manual of Model Jury Instructions for the Ninth Circuit*[4] provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where California law applies, the parties should use the current edition of the *Judicial Council of California Civil Jury Instructions*[5] ("CACI"). If neither applies, the parties should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

Format: Each requested instruction shall: (1) cite the authority or source of the instruction; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested instruction. If a standard instruction has blanks or offers options (*e.g.*, for gender[6]), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

Index: All proposed jury instructions must have an index that includes the number, title, source, and page number for each instruction, as illustrated below:

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

_____

[4] The Manual of Model Jury Instructions for the Ninth Circuit may be found on the Ninth Circuit's website at https://www.ce9.uscourts.gov/jury-instructions/model-civil.

[5] The CACI may be found on the California Court website at https://www.courts.ca.gov/partners/317.htm

[6] Per the Court's Civil Standing Order, litigants and counsel may indicate their honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

Counsel also shall list the instructions in the order they will be given and indicate whether the instruction shall be read before opening statements, during trial, or before closing arguments.

During the trial and before closing argument, the Court will meet with the parties to finalize the instructions. At that time, the parties will have an opportunity to make an oral record concerning their objections. Each member of the jury will be given their own copy of the instructions during deliberations. Accordingly, counsel must email Chambers a "clean" set of all instructions in Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. __" (eliminating the title and source of the instruction, supporting authority, etc.).

### 6. Joint Verdict Forms (Jury Trials Only)

The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the Court. If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective position. The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

### 7. Joint Statement of the Case (Jury Trials Only)

The parties shall file and email to Chambers a Joint Statement of the Case for the Court to read to the prospective jurors before commencement of voir dire. The joint statement should be brief, neutral, and not more than one page in length.

### 8. Proposed Voir Dire Questions (Jury Trials Only)

The Court will conduct the voir dire. Generally, a jury in a civil action will consist of eight (8) jurors. In most cases, the Court will question all prospective jurors on the jury panel. The Court asks prospective jurors basic biographical questions (jurors' place of residence, employment, whether familiar with the

parties or counsel, etc.) and questions going to their ability to be fair and impartial and carry out the duties required, and may ask additional case-specific questions. The parties may file and email to Chambers any proposed case-specific voir dire questions for the Court's consideration. If the Court considers the questions proper, it will pose the questions to the prospective jurors.

Each side has three (3) peremptory challenges. All challenges for cause and all *Batson* challenges shall be made at side bar or otherwise outside the prospective jurors' presence. The Court will not necessarily accept a stipulation to a challenge for cause. After all challenges have been exercised, the remaining jurors in the eight (8) lowest numbered seats will be the jury.

## 9. Proposed Findings of Fact and Conclusions of Law (Bench Trials Only)

For any trial requiring findings of fact and conclusions of law, each party shall file and email to Chambers its Proposed Findings of Fact and Conclusions of Law in the format specified in Local Rule 52-3.

The parties may file and email to Chambers Supplemental Proposed Findings of Fact and Conclusions of Law during the trial. Once trial concludes, the Court may order the parties to file and email to Chambers Revised Proposed Findings of Fact and Conclusions of Law.

## 10. Declarations of Direct Testimony (Bench Trials Only)

When ordered by the Court in a particular case, each party shall file and email to Chambers declarations containing the direct testimony of each witness whom that party intends to call at trial. If such declarations are filed, each party shall file and email to Chambers any evidentiary objections to the declarations submitted by any other party. Such objections shall be submitted in the following three-column format: (1) the left column should contain a verbatim quote of each statement objected to (including page and line number); (2) the middle column should set forth a concise legal objection (*e.g.*, hearsay, lacks foundation, etc.) with a

citation to the corresponding Federal Rule of Evidence or, where applicable, a case citation; and (3) the right column should provide space for the Court's ruling on the objection. The Court anticipates issuing its ruling on the objections during the FPTC.

### III.   Trial Exhibits

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties shall submit to the Court three (3) sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits. The original set of exhibits shall be for use by the jury during its deliberations, and the copies are for the Court. **The parties must prepare additional copies of exhibits for their own use and for use by witnesses**. The parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk ("CRD") before the admitted exhibits will be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered sequentially as 1, 2, 3, etc., **not** 1.1, 1.2, etc. *See* Local Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate Plaintiff's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

The **original exhibits** shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits and blue tags for Defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag. Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Central District of California's website.

The **copies of exhibits** must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.

In addition to the three (3) sets of binders above, the parties must also submit to the Court a USB flash drive containing .pdf versions of all exhibits. The USB flash drive must be delivered to Judge Sykes' "Courtesy Box" located outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 12th Street, Riverside, California 92501, no later than 12:00 p.m. (noon) on Friday, three (3) days before the start of trial. Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names **must** include the exhibit number and a brief description of the document (*e.g.*, "Ex. 1 – Smith Declaration.pdf" or "Ex. 105 – Letter Dated 1-5-20.pdf").

The Court provides audio/visual equipment for use during trial. The parties are encouraged to use it. More information is available at: https://www.cacd.uscourts.gov/clerk-services/courtroom-technology. The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom.

If electronic equipment must be brought into the courtroom for trial, counsel shall make prior arrangements with the Court Security. Notice must be given to the CRD at SSS_Chambers@cacd.uscourts.gov no later than four (4) days before trial.

The parties must meet and confer no later than ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial. All such exhibits should be noted as admitted on the Court and CRD's copy of the exhibit list.

**IV.     Materials to Present on First Day of Trial**

The parties must present the following materials to the CRD on the first day of trial:

1.   The **three sets of binders** described above, with one (1) original set of trial exhibits for the jury, and two (2) copies of trial exhibits for the Court.

2. Any **excerpts of deposition transcripts** to be used at trial, either as evidence or for impeachment. These lodged depositions are for the Court's use. **The parties must use their own copies during trial.**

## V. Court Reporter

Any party requesting special court reporter services for any hearing, such as "Real Time" transmission or daily transcripts, shall notify Court Reporting Services at least two (2) weeks before the hearing date.[7]

## VI. Daily Schedule for Jury Trials

On the first day of trial, the parties must appear at 8:30 a.m. to discuss preliminary matters with the Court. The Court will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes only a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Fridays are usually reserved for the Court's calendar. As a result, trial will not be held on Fridays unless the jury is deliberating or the Court's calendar allows trial to proceed. Therefore, trial days are generally Monday through Thursday. Trial days are from 8:30 a.m. to approximately 4:30 p.m., with two ten-minute breaks and a one-and-a-half hour lunch break. The exact dates and times of trial proceedings will be determined at the Final Pretrial Conference and on a case-by-case basis. The Court may consider the expected length of trial, the witnesses and evidence to be presented, and the availability of counsel and the parties.

## VII. Conduct of Attorneys and Parties

### A. Meeting and Conferring Throughout Trial

The parties *must* continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have attempted

---

[7] Additional information regarding Court Reporting Services may be found on the Central District of California's website at https://www.cacd.uscourts.gov/court-reporting-services.

to resolve it first.

### B. Opening Statements, Witness Examinations, and Summation

Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and witness examinations.

### C. Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection. If counsel wishes to argue an objection further, counsel must seek permission from the Court to do so.

### D. Closing Arguments and Post-Trial Briefs (Bench Trials Only)

For an overview and review of the evidence presented during trial, the Court will rely on the parties' closing arguments. In delivering closing arguments, the parties shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings. The Court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing and such briefing is specifically authorized.

### E. General Decorum While in Session

1. Counsel must not approach the CRD, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.
2. Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.[8]

---

[8] In the event that a disability prevents a party from doing so, the party is advised to inform Court in advance.

3. Counsel must address all remarks to the Court. Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

4. Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5. Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6. Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7. Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

8. Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

10. Bottled water is permitted in the courtroom. Food and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

///

///

### F. Promptness

1. The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors.
2. If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.
3. The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.
4. No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.
5. The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

### G. Exhibits

1. Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.
2. Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.
3. Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.
4. Counsel must inform the CRD of any agreements reached regarding

any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

5. When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

6. Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day's trial session.

7. Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**H. Depositions**

1. In using deposition testimony of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

    a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends and allow time for any objection. Counsel may then read the portions of the deposition into the record.

    b. If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently. Then, counsel either may ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. **Counsel should have available for the Court and the witness extra copies of the deposition transcript for this purpose.**

    2. Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may either:

        a. have an individual sit on the witness stand and read the testimony of the witness while the examining lawyer asks the questions; or

        b. have counsel read both the questions and the answers.

**I. Using Numerous Answers to Interrogatories and Requests for Admission**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted. **Copies of this new document must be provided to the Court and the opposing party.**

**J. Advance Notice of Unusual or Difficult Issues**

If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party **must** give the Court advance notice. The parties must notify the CRD immediately of any unexpected legal issue that could not have been foreseen and addressed in advance. To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the CRD before jurors are excused for the day to minimize the time jurors are kept waiting. The Court expects all parties to work diligently to minimize delays and avoid keeping jurors waiting.

**K. Continuances of Pretrial and Trial Dates**

Requests for continuances of pretrial or trial dates must be by motion, stipulation, or application and must be supported by a declaration setting forth the reasons for the request. The declaration must include a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance, dating back to the filing of the complaint, stating the steps the parties have taken to advance the litigation, demonstrating why the remaining steps could not have been

performed within the applicable deadlines, and stating whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court. The Court will not grant requests to continue pretrial or trial dates absent this detailed showing. General statements are insufficient to establish good cause.

If the parties jointly request a continuance, the request should clearly state that the government and defendant(s) agree. If the case is complex, one or more parties require additional time to prepare for trial, or other circumstances apply necessitating a continuance, the request should so state and describe in detail.

A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to each action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

Any request for continuance of trial must be filed no later than one (1) week prior to the Final Pretrial Conference. Requests extending dates set by the Court are not effective unless approved by the Court.

IT IS SO ORDERED.

Dated: April 22, 2024

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE