Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Paul A. Aguilar (SBN 305624)
E-mail:  paguilar@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600  Fax:  213.236.2700

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KORON L. LOWE,<br><br>  Plaintiff,<br><br> v.<br><br>COUNTY OF RIVERSIDE, a legal subdivision of the State of California; CITY OF HEMET, Hemet Police Department Officer DYLAN DETWILER, an individual; and DOES 1 through 10, inclusive,,<br><br>  Defendant. | Case No. 5:24-cv-00169-SSS (SHKx)<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY THE CASE**<br><br>*Filed concurrently with Declaration of Nathan A. Oyster; Defendant County of Riverside's Request for Judicial Notice in Support of County of Riverside's Notice of Motion and Motion to Stay the Case; and [Proposed] Order Staying the Case Pending the Resolution of Plaintiff's Criminal Charges*<br><br>Judge:  Sunshine S. Sykes<br><br>Date:  July 26, 2024<br>Time:  2:00 p.m.<br>Crtrm.:  2 |

**TO ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that on Friday, July 26, 2024 at 2:00 pm, or as soon thereafter as this matter may be heard before Judge Sunshine S. Sykes, 3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 2, 2nd Floor, Defendant COUNTY OF RIVERSIDE (hereinafter "the County" or "Defendant") will move to stay this case until any charges in *People of the State of California v. Koron Lowe*, Case No. BAF2200094 (hereinafter "the Criminal Matter") that relate to the January 26, 2022 incident have been resolved, pursuant to the *Younger* abstention doctrine.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 11 and 14, 2024. See Declaration of Nathan A. Oyster ("Oyster Decl."), ¶¶ 2-4.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Nathan A. Oyster and Exhibit Thereto, the documents on file with the court, Defendant's Request for Judicial Notice, and such further evidence and argument as the court may permit.

Dated: June 28, 2024          BURKE, WILLIAMS & SORENSEN, LLP

By: _____*s/ Nathan A. Oyster*_____
Nathan A. Oyster
Paul A. Aguilar
Attorneys for Defendant
COUNTY OF RIVERSIDE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This litigation arises from the arrest of Plaintiff Koron Lowe ("Plaintiff") on January 26, 2022 by law enforcement from multiple agencies, including deputies from Defendant County of Riverside. Plaintiff, who was wanted for a homicide that occurred the previous night in the City of Hemet on January 25, 2022, was arrested on January 26, 2022, and is now in custody pending the resolution of *People of the State of California v. Koron Lowe*, Riverside Superior Court, Case No. BAF2200094 (hereinafter "the Criminal Matter"). Plaintiff filed this action on January 24, 2024 alleging that his Constitutional rights were violated on January 26, 2022 when the officers allegedly used excessive force on Plaintiff. Plaintiff has asserted claims for relief under 42 U.S.C. § 1983.

At the time the parties submitted their Joint Rule 26 report, counsel for the parties were not aware that the Criminal Matter contained a charge that Plaintiff violated California Penal Code section 148(a)(1) during the events of January 26, 2022. Immediately after counsel for the County became aware of the pending California Penal Code section 148(a)(1) charge, the County initiated the Local Rule 7-3 process by requesting that all parties agree to stay this case until any charges in the Criminal Matter that relate to the January 26, 2022 incident have been resolved. Based on those discussions, Defendants City of Hemet and Dylan Detwiler (hereinafter "the Hemet Defendants") agree that this case should be stayed, while Plaintiff does not agree.

The County now moves for this Court for an Order staying this civil action until any charges in the Criminal Matter that relate to the January 26, 2022 incident have been resolved. Plaintiff's Complaint alleges that the officers used excessive force on the day he was arrested on January 26, 2022. In state court, the Riverside County District Attorney's Office filed an amended complaint against Plaintiff for violation of California Penal Code section 148(a)(1), for resisting his arrest on

January 26, 2022. Whether the use of force was justified due to Plaintiff willfully resisting arrest is an issue that is the subject of both this action and the underlying criminal proceeding. As fully set forth below, the County contends that the *Younger* abstention doctrine supports a stay of this case while the underlying criminal proceeding is pending, because both actions address that same legal issue. If, for example, this Court were to rule that the officers used excessive force on Plaintiff, that ruling would necessarily interfere with the state court's determination of whether Plaintiff violated Penal Code section 148(a) and could preclude the state court from finding otherwise.

Under the *Younger* abstention doctrine, absent extraordinary circumstances, federal courts may not enjoin or interfere with certain sufficiently related state proceedings pending against a federal plaintiff at the time he or she commences the federal action. Instead, the federal court must abstain and allow the state court to adjudicate all pending claims. *Younger v. Harris* (1971) 401 US 37, 49-53.

Here, the Criminal Matter against Plaintiff is a state proceeding that arises out of the same incident that is the subject of this lawsuit, was pending at the time Plaintiff filed this action, involves an identical legal issue, and, as will be described below, satisfies each factor required for abstention under *Younger*. Accordingly, the County requests that this action be stayed until any charges in the Criminal Matter that relate to the January 26, 2022 incident have been resolved.[1]

## II. **RELEVANT FACTS**

This lawsuit arises from Plaintiff's allegations that on January 26, 2022,

---

[1] The only pending charge in the Criminal Matter that arises from the January 26, 2022 arrest is Plaintiff's violation of California Penal Code section 148(a)(1). The County has used the language "until any charges in the Criminal Matter that relate to the January 26, 2022 incident have been resolved" to account for any possible scenario in which additional charges are filed against Plaintiff in the Criminal Matter.

Defendants used unreasonable force against Plaintiff, namely, when Defendant Dylan Detwiler deployed a K-9 on Plaintiff, and when Plaintiff was shot with 40mm rounds in the parking lot of the Morongo Casino in Cabazon, California. [Complaint, ¶¶ 29, 30, 31, Dkt. No. 1.] Plaintiff is currently in custody in the County of Riverside for the homicide of Asasha Hall the previous night on January 25, 2022. [Request for Judicial Notice, ("RJN") of Amended Criminal Complaint, *People of the State of California v. Koron Lowe*, Case No. BAF2200094.]

Plaintiff filed his civil Complaint on January 25, 2024, naming County of Riverside, City of Hemet, and Hemet Police Department Officer Dylan Detwiler, as Defendants, alleging the following causes of action: (1) Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983); (2) Supervisor Liability (42 U.S.C. § 1983); (3) Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); (4) Municipal Liability – Failure to Train (42 U.S.C. § 1983); (5) Municipal Liability – Ratification (42 U.S.C. § 1983). [Complaint, Dkt. No. 1.]

On January 31, 2022, the People of the State of California filed an initial criminal complaint against Plaintiff, alleging two felony counts of homicide on January 25, 2022, pursuant to Penal Code section 187(a), for the murder of Asasha Hall in the City of Hemet, and attempted murder of Korey Hall in the City of Hemet. [RJN of Riverside County Superior Court criminal docket, *People of the State of California v. Koron Lowe*, Case No. BAF2200094.]

On November 18, 2022, the People of the State of California filed an amended criminal complaint against Plaintiff, alleging a misdemeanor count for willfully and unlawfully delaying and obstructing a peace officer on January 26, 2022, pursuant to Penal Code section 148(a)(1). [RJN of Amended Criminal Complaint, *People of the State of California v. Koron Lowe*, Case No. BAF2200094.]

After counsel for Defendant County of Riverside learned of the existence of the California Penal Code section 148(a)(1) charge, the County immediately

initiated the Local Rule 7-3 process. Although the Hemet Defendants agree that the case should be stayed, Plaintiff opposes a stay. Oyster Decl., ¶¶ 2-4; 7-9.

The trial for this civil action is currently scheduled for September 9, 2025. The non-expert discovery cutoff for the civil action is February 7, 2025. [Civil Trial Order, Dkt. No. 22.] There is no trial date scheduled in the matter of *People of the State of California v. Koron Lowe*, Riverside Superior Court, Case No. BAF2200094. [RJN of Riverside County Superior Court criminal docket, case no.: BAF2200094.]

### III. PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE, THE CASE SHOULD BE STAYED UNTIL THE UNDERLYING STATE CRIMINAL PROCEEDING HAS CONCLUDED

#### A. The *Younger* Abstention Doctrine Applies to Limit Federal Court Interference – Whether Director or Indirect – With a Pending State Court Proceeding, Such as the Underlying Criminal Proceeding

In *Younger v. Harris*, 401 U.S. 37 (1971), the U.S. Supreme Court espoused a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). Where certain factors are met, a federal court must abstain and allow the state court to adjudicate all claims, state and federal. *Younger* at 49-53. The underlying purpose of this abstention doctrine is to avoid unnecessary conflict between state and federal governments, and in matters of special interest to the states, to allow the states the opportunity to adjudicate constitutional issues. *United States v. Morros,* 268 F.3d 695, 707 (9th Cir. 2001); *M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1040 (9th Cir. 2005). It is not a jurisdictional restraint but arises from "strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced". *Ohio Civil Rights*

*Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986).

In civil cases, *Younger* abstention is appropriate only when state proceedings: (1) are ongoing, (2) involve state's interest in enforcing orders and judgments of its courts, (3) implicate important state interest, and (4) allow litigants to raise federal challenges. *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (internal citations omitted). If these four threshold elements are met, courts "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink* at 759.

### B. All Of The *Younger* Factors are Met, Requiring Abstention Until The Criminal Proceeding Is Resolved

#### 1. The State Court Criminal Proceeding is Ongoing

The first requirement for *Younger* abstention is that state proceedings were ongoing when the federal action was filed. The critical question is not whether the state proceedings are still 'ongoing' but whether the state proceedings were underway before initiation of the federal proceedings." *Wiener v. County of San Diego*, 23 F3d 263, 266 (9th Cir. 1994) (internal quotes omitted).

Here, the People of the State of California filed an initial criminal complaint against Plaintiff on January 31, 2022, alleging two felony counts of homicide that occurred on January 25, 2022, and then filed an amended criminal complaint against Plaintiff on November 18, 2022, alleging a misdemeanor count for willfully and unlawfully delaying and obstructing a peace officer on January 26, 2022. [RJN of Amended Criminal Complaint, *People of the State of California v. Koron Lowe*, Case No. BAF2200094; RJN of Riverside County Superior Court criminal docket, case no.: BAF2200094.]  Plaintiff filed this civil complaint on January 25, 2024, after both the initial criminal complaint and amended complaint were filed. Therefore, the state criminal proceedings were underway before the federal proceedings were initiated on January 25, 2024. [*See* Dkt. 1.]

Accordingly, this first factor requiring that the state criminal proceeding be ongoing when the federal action is filed, is satisfied.

### 2. The State Criminal Proceeding is an Enforcement Action

In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. *Younger* at 43–54. The underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by a proper respect for state functions, "a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id*. at 44.

Here, it is undisputed that Plaintiff is charged with violating California Penal Code section 148(a)(1). [RJN of Riverside County Superior Court criminal docket, case no.: BAF2200094.] Therefore, the second factor of the *Younger* inquiry is satisfied.

### 3. The Criminal Proceeding Implicates an Important State Interest

The third factor the Court must consider is whether the criminal proceeding implicates an important state interest. *ReadyLink* at 759. As the Court in *Younger* emphasized, this is a matter of comity, and thus there is an important state interest for the need to have a state court determine the guilt or innocence of the Plaintiff, and to consider in the trial setting the defenses. *See Younger*, at 44. Moreover, there is no assertion that the Plaintiff is not properly charged under valid statutes.

Here, Plaintiff is charged with violating California Penal Code section 148(a)(1) for willfully resisting arrest during the underlying incident. [RJN of Amended Criminal Complaint, *People of the State of California v. Koron Lowe*, Case No. BAF2200094.] Because the criminal proceeding implicates the important

state interest of allowing the state court to determine the guilt or innocence of the Plaintiff, and to consider the defenses, the third factor is satisfied.

### 4. The Criminal Proceeding Affords Plaintiff an Adequate Opportunity to Address his Federal Claims

The fourth requirement, that the state proceedings provide Plaintiff with adequate opportunity to raise federal claims, is satisfied because Plaintiff may raise his constitutional challenges in the state proceeding. State court proceedings are presumed adequate to raise the federal claims "in the absence of unambiguous authority to the contrary". *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987).

Here, no reason exists that would bar the state court from addressing plaintiff's constitutional challenges to his arrest, and thus use of force. Further, *Younger* abstention applies if the state procedures are adequate for the purpose of raising constitutional issues even if the relief sought in federal court (e.g., damages for civil rights violations) is unavailable in the state proceeding. *Gilbertson v. Albright*, 381 F3d 965, 983 (9th Cir. 2004). That obstacle is obviated by the federal court's staying, rather than dismissing, the federal action. *Id*. Accordingly, Plaintiff will have the opportunity to raise his constitutional issues in the course of the criminal proceeding.

Because Plaintiff can address his constitutional claims in the state action, and because Defendants request a stay of this action rather than dismissal, the fourth factor of the *Younger* inquiry is satisfied.

### 5. If This Case Is Not Stayed, This Action Will Necessarily Interfere With The Ongoing Criminal Proceeding

Because the four threshold requirements are met, the next factor this Court must consider is whether the federal suit would "interfere" with the ongoing state proceeding (i.e., enjoin or have the practical effect of enjoining the proceeding). *Gilbertson* at 978. *Younger* abstention applies to federal actions having the practical effect of a declaration or injunction, even if there is no "direct" interference with the

state court proceedings (as in a damages action). *Gilbertson* at 978.

Here, Plaintiff's federal complaint would interfere with the state proceedings by inserting the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court. *Thomas v. Melendez*, 2016 WL 7116720, at *6 (E.D. Cal. Dec. 7, 2016). In other words, allowing this federal action to continue before the criminal trial is resolved would necessarily require this Court to intrude upon the state court system, risking the danger of contradictory decisions, and may effectively enjoin the pending state court proceedings on Plaintiff's criminal charges.

As previously described, at issue in Plaintiff's complaint is the lawfulness of the force used on him to effect an arrest. If, for example, this Court were to rule that the officers used excessive force on Plaintiff, that ruling would necessarily interfere with the state court's determination of whether the force was justified because Plaintiff violated Penal Code section 148(a) for willfully resisting arrest. Because Plaintiff is charged with willfully resisting arrest in state court, any ruling that the actions of the officers constituted unlawful force could preclude the state court from finding otherwise.

Accordingly, this lawsuit would necessarily interfere with the ongoing criminal proceedings and this factor is satisfied.

### 6. No Exception To The *Younger* Abstention Doctrine Applies To The Facts Of This Case

Finally, absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (internal citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.' " *Id.*, quoting *Middlesex* at 435.

There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate here. Therefore, Plaintiff's action should be stayed pursuant to the *Younger* abstention doctrine.

## IV. CONCLUSION

Because all factors of the *Younger* abstention doctrine are met, and no exceptional circumstances preventing abstention exist, Defendant County of Riverside respectfully requests that this action be stayed until any charges in *People of the State of California v. Koron Lowe*, Case No. BAF2200094 that relate to the January 26, 2022 incident have been resolved.

Dated:  June 28, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By:  *s/ Nathan A. Oyster*
Nathan A. Oyster
Paul A. Aguilar
Attorneys for Defendant
COUNTY OF RIVERSIDE

# DECLARATION OF NATHAN A. OYSTER

I, Nathan A. Oyster, declare as follows:

1. I am an attorney at law duly authorized to practice before the United States District Court for the Central District of California and all the courts of the State of California. I am a partner in the law firm of Burke, Williams & Sorensen, LLP, attorneys of record herein for Defendant COUNTY OF RIVERSIDE. I am completely familiar with all the files, facts, and pleadings in this case, and, if called upon as a witness, I could and would competently testify to the following facts based upon my own personal knowledge.

## Compliance With Local Rule 7-3

2. On June 10, 2024, I sent correspondence to all counsel, pursuant to Local Rule 7-3, requesting that all parties agree to stay this case until any charges in *People of the State of California v. Koron Lowe*, Riverside Superior Court, Case No. BAF2200094 (hereinafter "the Criminal Matter") that relate to the January 26, 2022 incident have been resolved, pursuant to the *Younger* abstention doctrine. A true and correct copy of my June 10, 2024 correspondence, which also included the amended criminal complaint against Plaintiff, is attached hereto as Exhibit "A".

3. On June 11, 2024, I conducted a Local Rule 7-3 conference with Plaintiff's counsel, Marcel Sincich. Mr. Sincich and I had an extensive professional telephone call in which we discussed the parties' respective positions on the issues. During the Local Rule 7-3 conference, Mr. Sincich explained that Plaintiff would not agree to stay the case. During the call, Mr. Sincich and I did agree that the Amended Criminal Complaint showed that there are pending Penal Code section 148(a)(1) charges in the Criminal Matter, and we further agreed that neither of respective offices had been aware of the pending Penal Code section 148(a)(1) charges at the time our Joint Rule 26 report was prepared, due to the manner in which criminal charges were listed on the Riverside Superior Court docket for the Criminal Matter.

4. On June 14, 2024, I conducted a Local Rule 7-3 conference with Andrea Kornblau, counsel for the Hemet Defendants. Ms. Kornblau informed me that the Hemet Defendants do not oppose this Motion, as the Hemet Defendants agree that this matter should be stayed.

### The Criminal Matter

5. A true and correct copy of the docket in *People of the State of California v. Koron Lowe*, Riverside Superior Court, Case No. BAF2200094 is attached hereto as Exhibit "B". The County has filed a concurrent request for judicial notice of Exhibit "B".

6. A true and correct copy of the Amended Criminal Complaint, dated November 18, 2022, in *People of the State of California v. Koron Lowe*, Riverside Superior Court, Case No. BAF2200094 is attached hereto as Exhibit "C". The County has filed a concurrent request for judicial notice of Exhibit "C".

### Timeline For Requesting The Stay

7. At the time the parties submitted their Joint Rule 26 report, none of the attorneys on this case were aware of the pending California Penal Code section 148(a)(1) charges. That representation is based upon my discussions during the Local Rule 7-3 conference.

8. Specifically, at the time the Joint Rule 26 report was prepared, I had reviewed the court docket in the Criminal Matter, which did not identify any pending criminal charges relating to the incident that is the basis of this lawsuit. Based on my Local Rule 7-3 discussions, all counsel attempted to determine whether there were any pending charges relating to the underlying incident; despite those efforts, no one was aware of the amended criminal complaint at the time the parties submitted the Joint Rule 26 report.

9 Although paragraphs 7 and 8 do not pertain to the merits of the Motion, I offer that information to explain to the Court how the County and all other parties acted diligently in attempting to identify this issue at the earliest stage of the case.

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed on this 28th day of June, 2024, at Los Angeles, California.

                        *s/ Nathan A. Oyster*
                        NATHAN A. OYSTER

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4855-7534-6631 v3

14