# EXHIBIT A

**burke**
BURKE, WILLIAMS & SORENSEN, LLP

444 South Flower Street  -  Suite 2400
Los Angeles, California 90071-2953
voice 213.236.0600 - fax 213.236.2700
www.bwslaw.com

Direct No.:  213.236.2719
noyster@bwslaw.com

June 10, 2024

Dale K. Galipo
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367

Eugene P. Ramirez
Marisa Zarate
Andrea K. Kornblau
MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor Los Angeles, California 90017-3012

Re: <u>Koron Lekeith Lowe v. County of Riverside, et al.</u>
USDC Case No. 5:24-cv-00169-SSS-SHK

Dear Counsel:

It has come to my attention that there is a pending California Penal Code section 148(a)(1) charge against Plaintiff Koron Lowe ("Plaintiff") for the same events that give rise to this lawsuit.  Accordingly, I write pursuant to Local Rule 7-3 regarding Defendant County of Riverside's request to stay all proceedings in the District Court, pending the resolution of the California Penal Code section 148(a)(1) charge against Plaintiff.  If we cannot reach an agreement, I request that we conduct a Local Rule 7-3 telephone conference on **Wednesday, June 12, 2024 at 11:00 a.m.** discuss the issue.

On January 31, 2022, the Riverside County District Attorney's Office filed felony charges against Plaintiff Koron Lowe in <u>People v. Koron Lowe</u>, Riverside County Superior Court Case No. BAF2200094.  The initial charges against Plaintiff did <u>not</u> relate to the January 26, 2022 arrest and use of force that is the basis of this lawsuit.

On November 18, 2022, the Riverside County District Attorney's Office filed an amended complaint against Plaintiff for the additional charge of violation of Penal Code section 148(a)(1).  Due to Plaintiff's claim of mental incompetence, Plaintiff has not yet been arraigned on that charge to date, but the amended complaint has been filed.   A copy of the amended criminal complaint is attached for your review.

Accordingly, because the events that form the basis of this lawsuit are identical to the events that form the basis of the Penal Code section 148(a)(1) criminal charge, a

4862-0631-6230 v2

Los Angeles – Inland Empire – Marin County – Oakland – Orange County – Palm Desert – San Diego – San Francisco – Silicon Valley – Ventura County

**burke**
BURKE, WILLIAMS & SORENSEN, LLP

Dale K. Galipo
<u>Koron Lekeith Lowe v. County of Riverside et al.</u>
June 10, 2024
Page 2

stay of this civil action is warranted under the doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

 Enclosed please find a draft (1) Stipulation to stay the case pending the resolution of Plaintiff's criminal charges; and (2) [Proposed] Order staying the case pending the resolution of Plaintiff's criminal charges, for your review. If you agree that this matter should be stayed and if the documents meet with your approval, please provide approval to file the documents at your earliest convenience.

 If we cannot reach an agreement, I propose that we conducted a Local Rule 7-3 conference call on Wednesday, June 12, 2024 at 11:00 a.m.. I look forward to hearing from you regarding this issue.

       Sincerely,

       BURKE, WILLIAMS & SORENSEN, LLP

       Nathan A. Oyster

NAO
Enclosure

4862-0631-6230 v2

**CASH BOND**  AGENCY#: 202200493 / HPD
RECOMMENDED
DEF#1 No Bail
DEF#1 **Potential Life Sentence**
DEF#1 In Custody: 01/31/2022

MICHAEL A. HESTRIN
DISTRICT ATTORNEY

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
(Banning)

| THE PEOPLE OF THE STATE OF CALIFORNIA, | D.A.#: 373451 |
|---|---|
| Plaintiff, | CASE NO. BAF2200094<br>FIRST AMENDED FELONY COMPLAINT |
| v. | |
| KORON LOWE<br>AKA: KORON LE KEITH LOWE<br>DOB: 08/09/1997<br>BOOKING#: 2022003378<br><br>Defendant. | |

COUNT 1

The undersigned, under penalty of perjury upon information and belief, declares: That the above named defendant(s) KORON LOWE committed a violation of Penal Code section 187, subdivision (a), a felony, in that on or about January 25, 2022, in the County of Riverside, State of California, the defendant(s) did willfully and unlawfully murder ASASHA HALL, a human being. [25-L/L/D]

It is further alleged that probation may not be granted, nor shall execution and imposition of sentence be suspended because defendant KORON LOWE personally inflicted great bodily injury as defined under Penal Code section 12022.7, during the commission and attempted commission of the above crime within the meaning of Penal Code section 1203.075, subdivision (a). Notwithstanding Penal Code 1385 and any other provision of law this allegation and any finding pursuant to this allegation shall not be stricken by the court.

1

Received 11/18/2022

It is further alleged that in the commission and attempted commission of the above offense the defendant(s) personally and intentionally discharged a firearm and proximately caused great bodily injury and death to another person, not an accomplice, within the meaning of Penal Code sections 12022.53, subdivision (d) and 1192.7, subdivision (c)(8). [25-L]

It is further alleged that probation may not be granted, nor shall execution and imposition of sentence be suspended pursuant to Penal Code section 12022.53 subdivision (g).

## COUNT 2

That the above named defendant(s) KORON LOWE committed a violation of Penal Code section 664/187, subdivision (a), a felony, in that on or about January 25, 2022, in the County of Riverside, State of California, the defendant(s) did willfully, unlawfully, and with malice aforethought attempt the willful, deliberate and premeditated murder of KOREY HALL, a human being. [7-L]

It is further alleged that in the commission and attempted commission of the above offense the said defendant(s), KORON LOWE, personally and intentionally discharged a firearm, within the meaning of Penal Code sections 12022.53, subdivision (c) and 1192.7, subdivision (c)(8). [20yr. prison]

It is further alleged that probation may not be granted, nor shall execution and imposition of sentence be suspended pursuant to Penal Code section 12022.53 subdivision (g).

## COUNT 3

That the above named defendant(s) KORON LOWE committed a violation of Penal Code section 148, subdivision (a)(1), a misdemeanor, in that on or about January 26, 2022, in the County of Riverside, State of California, the defendant(s) did willfully and unlawfully resist, delay and obstruct a public officer, peace officer, and emergency medical technician in the discharge and attempt to discharge a duty of their office and employment. [1yr.]

## MARSY'S LAW

Information contained in the reports being distributed as discovery in this case may contain confidential information protected by Marsy's Law and the amendments to the California

2

Constitution, Article 1, Section 28. Any victim(s) in any above referenced charge(s) is entitled to be free from intimidation, harassment, and abuse. It may be unlawful for defendant(s), defense counsel, and any other person acting on behalf of the defendant(s) to use any information contained in the reports to locate or harass any victim(s) or the victim(s)'s family or to disclose any information that is otherwise privileged and confidential by law.

    I declare under penalty of perjury upon information and belief under the laws of the State of California that the foregoing is true and correct.
Dated: November 18, 2022

                                  MICHAEL A. HESTRIN
                                  District Attorney

                                  By: Joshua R. Degonia
                                  Deputy District Attorney

Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Paul A. Aguilar (SBN 305624)
E-mail:  paguilar@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600  Fax:  213.236.2700

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KORON L. LOWE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a legal subdivision of the State of California; CITY OF HEMET, Hemet Police Department Officer DYLAN DETWILER, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 5:24-cv-00169-SSS (SHKx)<br><br>**STIPULATION TO STAY CASE PENDING THE RESOLUTION OF PLAINTIFF'S CRIMINAL CHARGES**<br><br>Judge:   Sunshine S. Sykes |

IT IS HEREBY STIPULATED by and between Plaintiff Koron Lowe (hereinafter "Plaintiff") and Defendants County of Riverside, City of Hemet, and Hemet Police Department Officer Dylan Detwiler (hereinafter "Defendants"), through their respective counsel of record, as follows:

1.   This lawsuit arises out of the January 26, 2022 arrest of Plaintiff and Plaintiff's contention that the arresting officers used excessive force against him. Plaintiff is pursuing five claims for relief against Defendants pursuant to 42 U.S.C. section 1983.

2.   On January 31, 2022, the Riverside County District Attorney's Office

filed felony charges against Plaintiff Koron Lowe in <u>People v. Koron Lowe</u>, Riverside County Superior Court Case No. BAF2200094 (hereinafter "the Criminal Action").

3. On November 18, 2022, the Riverside County District Attorney's Office filed an amended complaint in the Criminal Action that contains a charge that Plaintiff violated California Penal Code section 148(a)(1) during the January 26, 2022 arrest by Defendants. The factual allegations raised in the Criminal Action for the California Penal Code section 148(a)(1) charge relate to the factual allegations raised by Plaintiff Koron Lowe in the instant civil action.

4. Plaintiff and Defendants agree that this civil action should be stayed until the conclusion of the Criminal Action.

5. A stay of this civil action is warranted under the doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

6. Accordingly, the parties hereby request that the stay in this case remain in effect until the conclusion of the Criminal Action or the resolution of the California Penal Code section 148(a)(1) charge that is currently part of the Criminal Action.

7. The parties agree to advise the Court within 30 days of the conclusion of the Criminal Action or the resolution of the California Penal Code section 148(a)(1) charge that is currently part of the Criminal Action. Additionally, the parties agree to submit a Joint Status Report, regarding the status of the Criminal Action, to this Court every 120 days during the pendency of this stay.

IT IS SO STIPULATED.

Dated: June ___, 2024               LAW OFFICES OF DALE K. GALIPO

By: _____
    Dale K. Galipo
    Attorneys for Plaintiff
    KORON LOWE

Dated: June ___, 2024               BURKE, WILLIAMS & SORENSEN, LLP

By: _____
    Nathan A. Oyster
    Attorneys for Defendant
    COUNTY OF RIVERSIDE

Dated: June ___, 2024               MANNING & KASS
                                              ELLROD, RAMIREZ, TRESTER, LLP

By: _____
    Eugene P. Ramirez
    Attorneys for Defendant
    CITY OF HEMET and OFFICER
    DYLAN DETWILER

Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Paul A. Aguilar (SBN 305624)
E-mail:  paguilar@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600   Fax:  213.236.2700

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KORON L. LOWE,<br><br>             Plaintiff,<br><br>      v.<br><br>COUNTY OF RIVERSIDE, a legal subdivision of the State of California; CITY OF HEMET, Hemet Police Department Officer DYLAN DETWILER, an individual; and DOES 1 through 10, inclusive,<br><br>             Defendant. | Case No. 5:24-cv-00169-SSS (SHKx)<br><br>**[PROPOSED] ORDER STAYING CASE PENDING THE RESOLUTION OF PLAINTIFF'S CRIMINAL CHARGES**<br><br>Judge:  Hon. Sunshine S. Sykes |

Pursuant to the parties' stipulation, **IT IS HEREBY ORDERED:**

1. This case is stayed pending the resolution of the criminal charges against Plaintiff in <u>People v. Koron Lowe</u>, Riverside County Superior Court Case No. BAF2200094 (hereinafter "the Criminal Action");

2. Within 30 days of the conclusion of the Criminal Action or the resolution of the California Penal Code section 148(a)(1) charge that is currently part of the Criminal Action, the parties shall submit a Joint Report advising the Court that the stay of this matter should be lifted; and

3. The parties shall submit a Joint Status Report, regarding the status of

the Criminal Action, to this Court every 120 days during the pendency of this stay.

**IT IS SO ORDERED.**

DATED:_____     _____
                                  Honorable Sunshine S. Sykes
                                  United States District Judge