**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff* KORON LOWE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KORON LOWE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF RIVERSIDE; CITY OF HEMET, Hemet Polie Department Officer DYLAN DETWILER; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE No.: 5:24-cv-00169-SSS (SHKx)<br><br>[*Honorable Sunshine S. Sykes*]<br><br>**PLAINTIFF KORON LOWE'S OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO STAY THE CASE**<br><br>Date: July 26, 2024<br>Time: 2:00 p.m.<br>Crtrm.: 2 |

# MEMORANDUM IN OPPOSITION

## I. INTRODUCTION

This civil rights action involves uses of force against Plaintiff Koron Lowe by Defendant law enforcement officers, on <u>January 26</u>, 2022. The subject state criminal case includes an alleged homicide that occurred the previous day on <u>January 25</u>, 2022. Plaintiff contends that resolution of those two incidents are unrelated. Further, Plaintiff argues that he was not resisting, delaying, or obstructing (hereinafter "resisting") at the time of the uses of force against him, even if there was "resisting" sometime prior to the uses of force. The defense position is that this civil rights case should be stayed pending resolution of the criminal matter, pursuant to the abstention doctrine from *Younger v. Harris*, 401 U.S. 37, 49-53 (1971).

However, abstention only applies if: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *Joseph v. City of San Jose*, No. 19-CV-01294-LHK, 2020 WL 1031899, at *12 (N.D. Cal. Mar. 3, 2020) (citation omitted).

Plaintiff does not dispute that there is an ongoing state proceeding or that the state's interest in enforcing its laws is important. Plaintiff contends, however, that <u>he is precluded</u> from litigating his §1983 claims in the criminal proceeding and that the present action for money damages <u>will not enjoin</u> the state proceedings. *See Smith v. Plummer*, 458 F. App'x 642, 643 (9th Cir. 2011); *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). In fact, §1983 cases are litigated all the time with pending prosecutions for, among other things, "resisting." Finally, it is not practical and not in the interest of justice to stay the current civil rights matter. The Court should not allow district attorney decisions to dictate its calendar, especially when there is no indication as to how long the criminal matter may take to resolve.

For the following reasons, the *Younger* abstention doctrine does not apply and the Court should deny the Motion and enforce the current scheduling order.

## II. ARGUMENT

### A. Plaintiff Cannot Raise His Civil Rights Excessive Force Claims in A State Court Criminal Proceeding

In its analysis, the Court must determine whether Plaintiff is barred from litigating federal constitutional issues in the criminal proceedings. Plaintiff here is constructively precluded and, therefore, *Younger* does not apply. Plaintiff is charged with a violation of Penal Code §148 ("resisting") for conduct that Plaintiff contends preceded the officers' use force against him. As alleged in the Complaint (the only source of facts for purposes of this motion), at the time of the uses of force, Plaintiff was not resisting (Doc. 1, Complaint at ¶¶42, 48), despite being charged with "resisting" sometime on January 26, 2022. Thus, Plaintiff will have no opportunity to challenge the constitutionality of the uses of force and, therefore, will be deprived of the opportunity to litigate his important civil rights in the criminal case. Plaintiff also will be deprived of litigating his *Monell* claims in the criminal case. In essence, the lack of a connection between the facts underlying the charges and the facts underlying the uses of force makes an excessive force and *Monell* claims irrelevant in the State proceedings and effectively bars Plaintiff from raising his Constitutional claims in the State court. Defendant has not met this factor for abstention.

### B. The Federal Court Action Would Not Enjoin the State Proceeding or Have the Effect of Doing So

Defendant likewise cannot establish that Federal Court action would enjoin the State proceeding or have the effect of doing so. Plaintiff's federal complaint under §1983 and Fourth Amendment jurisprudence for money damages has no bearing on whether the State can establish a criminal violation for conduct that preceded the Constitutional violations. Further, Defendant's argument that this civil rights matter would interfere with the state court proceedings is conclusory and

unpersuasive. There is no support in the record that this matter will interfere with the state criminal proceedings. Thus, *Younger* Abstention does not apply.

In *Joseph v. City of San Jose*, 2020 WL 1031899, at *12, the Court held that it need not abstain from adjudicating plaintiffs' claims for money damages for Fourth Amendment violations. The Court noted that, "unlike a determination that the civil proceeding itself is constitutionally deficient, a determination that a Fourth Amendment violation occurred and that the [plaintiffs] are entitled to monetary damages would not have the same practical effect as a declaration or injunction on pending state proceedings." *Id.* at *19. The same applies here. A determination that Plaintiff is entitled to money damages for excessive force that occurred when Plaintiff was not resisting, and that the County is liable under *Monell*, would in no way have the same practical effect as a declaration or injunction on pending state proceedings. The State is free to pursue its action in State court without concern for being enjoined from doing so by the instant lawsuit. Thus, this factor likewise does not compel this Court to abstain.

### C.   This Federal Civil Rights Action Should Continue as Scheduled

In effect, granting Defendants motion would unnecessarily allow the state court proceeding to interfere with this Court's scheduling order. A stay on the basis requested by Defendant County would set a new dangerous precedent. A stay would indicate expansion of the doctrine that would prevent civil rights plaintiffs from timely investigating and prosecuting cases merely because a district attorney files a criminal action against the victim of excessive force.

Further, the criminal case could go on for years. Especially because it involves a homicide, it could have several appeals that could extend the criminal case for several additional years. Since the "homicide" case and the "resisting" case occurred on different days and are unrelated, the state action could be severed, or counts could be resolved separately—we do not know. Additionally, even if there is a conviction sometime in the future, the Plaintiff may be in custody outside this district making

him difficult to communicate with, depose, and testify here. By then, witnesses in this matter may have relocated, their memories assuredly will fade, and Plaintiff's desire for justice would be unfairly delayed for an indefinite period. Finally, the Court has an interest in clearing its docket and of maintaining judicial economy, which is frustrated by a delay, and the public has an interest in the speedy resolution of civil rights matters.

It is not practical and not in the best interest of justice to stay this civil rights matter pending resolution of the criminal case. Nevertheless, Defendant County has not demonstrated that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.")

### III.   CONCLUSION

*Younger* abstention does not apply to stay the instant action because Plaintiff cannot raise his Constitutional arguments in the State court proceedings and because allowing Plaintiff to pursue his Federal claims for relief *would not* enjoin the State's criminal prosecution. The Court should deny Defendant's motion to stay and instruct that the parties continue with the deadlines set in the scheduling order.

Respectfully submitted,

DATED:  July 8, 2024

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: /s/     *Marcel F. Sincich*
   Marcel F. Sincich
   Trenton C. Packer
   *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff certifies that this brief contains 1,213 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

DATED: July 8, 2024  **LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: */s/      Marcel F. Sincich*
Marcel F. Sincich
Trenton C. Packer
*Attorneys for Plaintiff*