Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Paul A. Aguilar (SBN 305624)
E-mail:  paguilar@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KORON L. LOWE,<br><br>             Plaintiff,<br><br>     v.<br><br>COUNTY OF RIVERSIDE, a legal subdivision of the State of California; CITY OF HEMET, Hemet Police Department Officer DYLAN DETWILER, an individual; and DOES 1 through 10, inclusive,,<br><br>             Defendant. | Case No. 5:24-cv-00169-SSS (SHKx)<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY THE CASE**<br><br>Judge:   Sunshine S. Sykes, District Judge<br><br>Date: July 26, 2024<br>Time: 2:00 p.m.<br>Crtrm.: 2 |

TO THE HONORABLE COURT, AND TO PLAINTIFF KORON L. LOWE AND HIS ATTORNEYS OF RECORD:

COUNTY OF RIVERSIDE ("Defendant") hereby submit the reply brief in support of Defendant County of Riverside's Motion to Stay the Case.

Dated: July 12, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

By: _____/s/ Nathan A. Oyster_____
　　　Nathan A. Oyster
　　　Paul A. Aguilar
　　　Attorneys for Defendant
　　　COUNTY OF RIVERSIDE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The purpose of the *Younger* Abstention doctrine is to avoid the unwarranted determination of constitutional questions. (*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987).) Indeed, the *Younger* Abstention doctrine in situations like this "offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests." (See *Moore v. Sims*, 442 U.S. 415, 429-30 (1979).)

Plaintiff concedes that the County has established the first two factors for abstention under the *Younger* doctrine—that the criminal case is an ongoing, state-initiated proceeding, and that the proceeding implicates important state interests. Plaintiff similarly does not dispute that he is being charged violation of California Penal Code section 148(b) for resisting a lawful arrest by a peace officer.

Plaintiff now argues that the *Younger* Abstention doctrine does not apply because (1) Plaintiff would not be able to raise his federal challenges in the state criminal court proceeding, and (2) that this federal court action would not enjoin the state criminal court proceeding. As discussed below, both contentions are without merit. By not staying this action pending Plaintiff's state court criminal trial, this Court risks the potential for conflicting outcomes, particularly as to Plaintiff's allegations that unlawful force was used, and further risks wasting precious judicial resources. Lastly, this Court should only consider those factors identified by *Younger* and related case law in making its decision, and *not* consider Plaintiff's arguments as to timing or convenience because those are *not* factors under *Younger*.

Therefore, this Court should find that Defendant County of Riverside has satisfied its burden of showing that the *Younger* Abstention doctrine applies, and should stay this case pending the outcome of any portion of the Plaintiff's state court criminal proceeding that relates to the January 26, 2022 arrest.

## II. ARGUMENT

### A. Plaintiff May Raise Issues Relating To His Civil Rights Excessive Force Claims in the State Court Proceeding

As explained in the County of Riverside's motion, one *Younger* Abstention factor is that the state proceedings allow litigants to raise federal challenges. (See *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).) In Opposition, Plaintiff argues that he cannot raise his civil rights excessive force claims the in the state court proceedings because his Complaint alleges that he was not resisting the officers at the time of the alleged use of excessive force. However, contrary to Plaintiff's argument, California law, and indeed, the model jury instructions for the charge of violation of Penal Code section 148(b), do permit Plaintiff to raise his claims of excessive force as a defense to the criminal charge.

Pursuant to California case law and the Judicial Council of California Criminal Jury Instructions, Plaintiff may raise a defense that the officers used excessive force where the plaintiff is charged with violating California Penal Code section 148(b). (See CALCRIM Jury Instruction No. 2653; *People v. Olguin* ("*Olguin*") (1981) 119 Cal.App.3d 39, 46–47.) CALCRIM Jury Instruction No. 2653 ("Instruction 2653") is the instruction for violation of Penal Code section 148(b). (CALCRIM Jury Instruction No. 2653.) According to the Bench Notes of that instruction, "[i]f excessive force is an issue, the court has a *sua sponte* duty to instruct the jury that the defendant is not guilty of the offense charged, or any lesser included offense in which lawful performance is an element, if the defendant used reasonable force in response to excessive force." (See CALCRIM Jury Instruction No. 2653; *People v. Olguin* (1981) 119 Cal.App.3d 39, 46–47.) "Even in the absence of a request [for an instruction on excessive force], the court is under an affirmative duty to give an instruction on defendant's theory of defense where '... it appears that the defendant is relying on such a defense, or if there is substantial

evidence supportive of such a defense ....'" (*Olguin, supra,* 119 Cal.App.3d at 46, quoting *People v. Stewart* (1976) 16 Cal.3d 133, 140.) Plaintiff's Opposition has failed to cite any authority to the contrary.

In *Olguin*, the defendant was charged with violating California Penal Code section 148(b). (*Id.*) The California Court of Appeal held that it was an error to deny the defendant's request for an instruction on his defense theory that "(a) police officer has no duty or right to taunt or beat persons arrested." (*Id.*) There, the court held, "[t]he evidence in this case would have supported a finding that the officers used excessive force and thus that they were not acting within the scope of their duties. The jury should have been so instructed. The error was prejudicial." (*Id.*) Indeed, Instruction 2653 specifically includes a bracketed portion that instructs:

> [A peace officer is not lawfully performing his or her duties if he or she is (unlawfully arresting or detaining someone/ [or] using unreasonable or excessive force in his or her duties). Instruction 2670 explains (when an arrest or detention is unlawful/ [and] when force is unreasonable or excessive).]

(CALCRIM Jury Instruction No. 2653.)

Similarly, in *People v. White*, the California Court of Appeal held that "it becomes essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties (ss 245, subd. (b), 243 and 148)." (*People v. White* (1980) 101 Cal.App.3d 161, 167.)

Accordingly, Plaintiff's argument that he cannot raise his defense of excessive force in the state proceeding is without merit. Indeed, it is required if the evidence in Plaintiff's case would have supported a finding that the officers used excessive force.

Therefore, the County of Riverside has satisfied the factor of the *Younger* Abstention doctrine that Plaintiff be permitted to raise his federal challenges in the

state court proceeding.

### B. Plaintiff Has Failed to Show That This Federal Court Action Would Not Enjoin the State Criminal Court Proceeding

The only other *Younger* Abstention factor that Plaintiff cites in his Opposition is whether the federal suit would "interfere" with the ongoing state proceeding (i.e., enjoin or have the practical effect of enjoining the proceeding). (*Gilbertson v. Albright*, 381 F3d 965, 978 (9th Cir. 2004).) In Opposition, Plaintiff argues that the federal action would not enjoin the state action, or have the effect of doing so, because his federal claims for money damages allegedly have no bearing on whether the State can establish a criminal violation for conduct that preceded the alleged Constitutional violations. However, Plaintiff's argument fails to recognize that if the federal action is tried to a jury before the state criminal court proceedings have concluded, a jury verdict in the federal action would necessarily have the effect of enjoining the state court proceedings.

Whether a jury in the federal action potentially returns a verdict for the defense or the plaintiff, the verdict would certainly have the effect of enjoining the state case. On the one hand, a defense verdict in the federal action would have the effect of enjoining the state court from allowing Plaintiff to present an excessive force defense. On the other hand, a verdict for plaintiff would have the effect of enjoining the state court from allowing the People of the State of California from arguing that the officers did not use excessive force. Either way, denying the County of Riverside's motion for a stay of the federal action pursuant to the *Younger* Abstention doctrine would interfere with the doctrine's policy and intent of permitting state courts to try state cases free of federal interference. As a Ninth Circuit Court of Appeal held, "[p]rinciples of comity…preserve respect for state functions such that the national government protects federal rights and interests in a way that will not 'unduly interfere with the legitimate activities of the States.'" (*Gilbertson, supra,* 381 F.3d at 970 (citation omitted).)

Moreover, Plaintiff's reliance on *Joseph v. City of San Jose* is misplaced. That case involved an unlawful search made in the course of investigation of a municipal code violation, not a criminal violation for resisting an officer. (*See Joseph v. City of San Jose*, 2020 WL 1031899, at *19.) "The Ninth Circuit has explained that the application of *Younger* abstention depends on the nature of Plaintiff's claims." (Id. at *17.) Indeed, the court stayed the vast majority of claims in *Joseph v. City of San Jose* pursuant to the *Younger* Abstention doctrine. (*Id*. at *20.)

Accordingly, this Court should find that this federal action will necessarily interfere with the ongoing state court criminal proceeding and find that the County of Riverside has satisfied its burden of showing that the *Younger* Abstention doctrine applies.

### C. Plaintiff's Argument Regarding Timing and Convenience Are Not Factors Under the *Younger* Abstention Doctrine and Therefore Should Not Be Considered

Finally, the County of Riverside's motion is based on the *Younger* Abstention doctrine, and thus the Court should only consider those factors identified by the doctrine, and relevant case law, in determining whether to grant or deny the motion. Plaintiff's argument that he would be inconvenienced due to the potential that the state court proceedings "could go on for years," that Plaintiff may be in custody if there is a conviction, or that witnesses' memories may fade or have relocated, are *not* factors to consider under the *Younger* Abstention doctrine, and thus this Court should *not* consider those arguments in making its determination of whether the doctrine applies. Additionally, contrary to Plaintiff's argument, a stay of the federal action pending the outcome of the state court proceedings would further an important state interest for the need to have a state court determine the guilt or innocence of the Plaintiff, which Plaintiff concedes is a factor that the County of Riverside has satisfied.

Accordingly, the County of Riverside has satisfied its burden of showing that the *Younger* Abstention doctrine applies here, and thus the Court should grant the County's motion.

## III. CONCLUSION

For the reasons stated above, Defendant County of Riverside requests that the Motion to Stay be granted in its entirety.

Dated:  July 12, 2024                          BURKE, WILLIAMS & SORENSEN, LLP


By:      */s/ Nathan A. Oyster*
         Nathan A. Oyster
         Paul A. Aguilar
         Attorneys for Defendant
         COUNTY OF RIVERSIDE

# L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record for Defendant COUNTY OF RIVERSIDE certifies that this brief contains 1681 of 7,000 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 12, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*
Nathan A. Oyster
Paul A. Aguilar
Attorneys for Defendant
COUNTY OF RIVERSIDE