**(STAY / JS6 Admin)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-00169-SSS-SHKx | Date | August 5, 2024 |
|---|---|---|---|
| Title | *Koron Lekeith Lowe v. County of Riverside, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO STAY THE CASE [Dkt. 29]**

Before the Court is Defendant County of Riverside's (the "County") motion to stay the case.  [Dkt. 29].  This matter is fully briefed and ripe for review.  [Dkt. 30, 31, 34].  For the reasons set forth below, the Court **GRANTS** the Motion. [Dkt. 29].

**Background**

On January 26, 2022, Plaintiff claims various Riverside County Sheriff Deputies and City of Hemet Police Officers used unreasonable force against him in the parking lot of the Morongo Casino in Cabazon, California.  [Dkt. 29 at 5].  Plaintiff is currently in custody for the homicide of Asasha Hall.  *Id*.  Plaintiff filed this complaint on June 25, 2024.  [Dkt. 1].  Two years prior, the State of California filed an initial criminal complaint against Plaintiff on January 31, 2022, for the murder of Asasha Hall.  *Id*.  On November 28, 2022, the State of California filed an amended criminal complaint against Plaintiff for the willful and unlawful obstruction of a peace officer under California Penal Code Section 148(a)(1).  *Id*.

**Legal Standard**

Generally, federal courts have a "virtually unflagging obligation" to hear the cases they have jurisdiction over. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, "federal courts may decline to hear a case when parallel state proceedings are ongoing under the *Younger* abstention doctrine." *Albert v. Gonzales*, No. *;23-cv-00635-FWS-JDE, 2023 WL 8895708, at *5 (C.D. Cal. Oct. 6, 2023). The *Younger* abstention doctrine "applies in three categories of proceedings: (1) 'ongoing state criminal prosecutions'; (2) 'certain civil enforcement proceedings'; and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id*. (quoting *Spring Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

If the relevant state proceedings fall into one of the three above categories, application of the *Younger* abstention doctrine is proper so long as (1) the proceedings were ongoing at the time the federal action was filed, (2) the proceedings implicate important state interests, (3) the proceedings provide an adequate opportunity to raise the relevant constitutional challenges at issue, and (4) the requested leave "seek[s] to enjoin–or ha[s] the practical effect of enjoining [the] ongoing state proceedings." *Albert*, 2023 WL 8895708, at *6 (quoting *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019)); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citations omitted).

**Discussion**

The County argues all the requirements of the *Younger* abstention doctrine are met. [Dkt. 29 at 6]. In support of their argument, the County also asks this Court to take judicial notice of various documents. [Dkt. 30] Plaintiff opposes the Motion, arguing the *Younger* abstention doctrine is inapplicable. [Dkt. 31]. For the reason set forth below, the Court **GRANTS** the County's Motion. [Dkt. 29].

///

///

### A. Request for Judicial Notice

"[J]udicial notice is only appropriate when the Court is taking notice of 'undisputed matters of public records,' … from 'sources whose accuracy cannot be reasonably disputed.'" *Jones v. Billionaire Burgers, Inc.*, No. 2:22-cv-00110-MEMF(PVCx), 2023 WL 1107866, at *4 (C.D. Cal. Jan. 26, 2023) (citing *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001); Federal Rule of Evidence 201(b)). A court may deny a request for judicial notice if the request is for irrelevant documents. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015).

Here, the County asks the Court to take judicial notice of (1) the criminal docket of *People of the State of California v. Koron Lowe* and (2) the amended criminal complaint of *People of the State of California v. Koron Lowe*. [Dkt. 30 at 2]. As these documents are court filings, the Court can take judicial notice of the records, and thus the request is **GRANTED**. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

### B. Success of the Motion
#### 1. Nature of the Proceedings

As discussed above, the *Younger* abstention doctrine is applicable to three categories of state proceedings. *Albert*, 2023 WL 8895708, at *5. One such category is ongoing state criminal prosecutions. *Id*. Here, the County seeks to stay this action pending the result of the State of California's criminal case against Plaintiff. [Dkt. 29 at 6]. As such, the underlying proceedings do fall within the ambit of the *Younger* abstention doctrine.

#### 2. Ongoing Proceedings

Here, this requirement is also easily met because the State of California's criminal complaints against Plaintiff were filed on January 31, 2022, and November 18, 2022, and thus the criminal proceedings were ongoing when Plaintiff filed this action on January 25, 2024. *See ReadyLink*, 74 F.3d at 759 (noting the date for determining the applicability of the *Younger* abstention doctrine is the date the federal action was filed). As such, this element of the *Younger* abstention doctrine is met.

### 3. Important State Interests

The Court also finds the underlying criminal proceedings implicate important state interests. *Dortch v. Reid*, No. 5:14-cv-01983-CAS(VBKx), 2015 WL 179792, at *6 (C.D. Cal. Jan. 12, 2015) (citing *Younger v. Harris*, 401 U.S. 37, 43–44) (1971)). Thus, this element is also met.

### 4. Adequate Opportunity to Address Constitutional Issues

As an initial matter, the Court notes it is Plaintiff's burden as to this element to show a state procedural law bars the presentation of his constitutional claims. *Herrera*, 918 F.3d at 1046. For the reason set forth below, the Court finds Plaintiff fails to meet this burden.

Plaintiff argues he will be unable to challenge the constitutionality of the officers' use of force because Plaintiff claims he was not resisting when the officers shot and used a K9 unit on him. [Dkt. 31 at 3]. This argument is insufficient for two reasons. First, rather than identify a state procedural law that precludes him from challenging the force used, Plaintiff instead relies on a more attenuated relevance analysis to argue he is "effectively bar[red]" from presenting his claims. *Id*. The failure to identify a state procedural law that would preclude him from raising his constitutional issues is sufficient to find Plaintiff failed to meet his burden. *See Herrera*, 918 F.3d at 1046; *Arceo v. King*, No. 2:14-cv-2712 GEB DB P, 2016 WL 7384024, at *3 (E.D. Cal. Dec. 21, 2016).

Second, the Court notes Plaintiff can raise his constitutional challenges in his state criminal proceedings. *See Mota v. White*, 2020 WL 7043605, at *3 (S.D. Cal. Dec. 1, 2020) (citing *Voychuk v. California*, No. 2:05-cv-2007-MCE-GCH, 2006 WL 738796, at *2 (E.D. Cal. Mar. 22, 2006) (finding state proceedings provide an adequate opportunity to raise federal questions regarding excessive force). Thus, because Plaintiff has an adequate opportunity to raise his constitutional claims in his state proceedings, this element is met.

### 5. Effect of the Requested Relief

Plaintiff argues this element is not met because he only seeks monetary damages, and there is no evidence that Plaintiff's civil action would interfere with the prosecution. [Dkt. 31 at 3–4]. The Court disagrees.

In *Herrera*, the Ninth Circuit explained claims for monetary damages can have the practical effect of enjoining ongoing state proceedings if (1) the Court would have to determine whether the plaintiff's constitutional rights were violated, and (2) if the determination of such a violation would create a "federal court judgment with preclusive effect over the ongoing state action." *Herrera*, 918 F.3d at 1049; *see also Calvary Chapel San Jose v. Cody*, No. 20-cv-02794-BLF, 2023 WL 2638318, at *10 (N.D. Cal. Mar. 10, 2023).

Here, Plaintiff seeks monetary damages for each alleged violation of his Fourth Amendment rights. [Dkt. 1]. For the Court to grant this relief, it would necessarily have to determine whether the officers used excessive force and thus violated Plaintiff's rights. Further, such a finding would create a preclusive effect over the ongoing state action because a violation of California Penal Code Section 148(a)(1) can only be maintained if the officers did not use excessive force in the making of the arrest.[1] *Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005). Thus, because the Court would necessarily have to determine whether Plaintiff's rights were violated, and such a determination would have a preclusive effect over the pending criminal proceedings, the Court finds the requested relief would effectively enjoin the state proceedings. *Calvary*, 2023 WL 2638318, at *10.[2]

---

[1] To put it more directly, this action could generate a preclusive effect because if Plaintiff showed the officers used excessive force in this action, he could not be convicted of violating Penal Code Section 148(a)(1). *Smith*, 394 F.3d at 696.

[2] The Court also notes, because nothing in the record or pleadings suggests the criminal proceedings demonstrate "bad faith, harassment, or some other extraordinary circumstances" that would make abstention inappropriate, the exception to the *Younger* abstention doctrine does not apply. *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992).

**Conclusion**

In sum, the Court finds all the requirements of *Younger* abstention are met. As this is a claim for damages, the Court finds a stay, rather than dismissal, is proper. *Gilbertson*, 381 F.3d at 968 (stating "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed").

Thus, the Motion is hereby **GRANTED**, [Dkt. 29], and the Court **STAYS** this action pending the resolution of the criminal proceedings. The Parties are further **DIRECTED** to file a Joint Status Report every six months after the date of this order until the stay is lifted by stipulation or order of the Court. The Clerk is **DIRECTED** to close the case administratively.

**IT IS SO ORDERED.**